ORIGINAL

FILED
SEP 4 2007
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES
COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **HADDON HOUSING ASSOCIATES, LIMITED PARTNERSHIP**<br>1450 E. Chestnut Ave., Building 1, Suite C<br>Vineland, NJ 08361<br><br>and<br><br>**HOUSING AUTHORITY OF THE TOWNSHIP OF HADDON**<br>Municipal Building<br>25 Wynnewood Avenue<br>Westmont, NJ 08109<br><br>Plaintiffs,<br><br>vs.<br><br>**THE UNITED STATES OF AMERICA,**<br><br>Defendant. | CASE NO.<br><br>07-646 C<br><br>**NOTICE OF DIRECTLY RELATED CASES** |

Pursuant to the provisions in RCFC 40.2(a), Plaintiffs, Haddon Housing Associates Limited Partnership and Housing Authority of the Township of Haddon, hereby give Notice of Directly Related Cases:

CASE NAME: Pennsauken Senior Towers Urban Renewal Associates, LLC, et al. v. The United States of America ("Pennsauken Case")

CASE NUMBER: 07-174C

This case is *directly related* to the Pennsauken Case because it involves the same issues, namely HUD's breach of the contract rent adjustment provisions in its Housing Assistance Payments Contract ("HAP Contract"). It also involves a similar form of HAP Contract. In particular HUD has breached Section 2.4, Part II of the HAP Contract at issue, which entitled the other contracting entity to Annual Adjustments in the amount of rent paid by HUD. The

entitlement to the rent adjustments is the subject of the dispute in the Pennsauken Case as well as the Complaint herein filed.

In addition, one of the partners in Pennsauken Senior Towers Urban Renewal Associates, LLC is also a partner in Haddon Housing Associates, Limited Partnership. Both projects have the same legal structure. A limited partnership (co-plaintiff) leased its improved property to a housing authority (co-plaintiff) which has entered into a HAP Contract with HUD. In both projects, the Lessor is obligated to perform the owner's obligations under the HAP Contract and receives all the revenues therefrom.

In the interests of efficiency and for the sake of consistency in outcome, these cases should be assigned to Judge Lettow who is already familiar with the issues raised in both cases. Such an assignment will conserve judicial resources and promote an efficient determination of the actions.

Dated: August 30, 2007

Respectfully submitted,

Fred J. Livingstone (0009528)
Mark J. Valponi (0009527)
Majeed G. Makhlouf (0073853)
TAFT STETTINIUS & HOLLISTER LLP
Suite 3500, BP Tower
200 Public Square
Cleveland, Ohio 44114-2302
(216) 241-2838

Attorneys for Plaintiffs