IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PENNSAUKEN SENIOR TOWERS URBAN RENEWAL ASSOCIATES, LLC | ) | |
| and | ) | |
| HOUSING AUTHORITY OF THE TOWNSHIP OF PENNSAUKEN | ) | |
| Plaintiffs, | ) | No. 07-174C (Judge Lettow) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |
| HADDON HOUSING ASSOCIATES, LIMITED PARTNERSHIP, ET AL., | ) | |
| Plaintiffs, | ) | No. 07-646C (Judge Lettow) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE**

Pursuant to Rules 42 and 42.1 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully opposes plaintiffs' motion to consolidate Pennsauken Senior Towers Urban Renewal Associates, LLC, et al. v. United States, Case Number 07-174C (Fed. Cl.), with Haddon Housing Assoc., et al. v. United States, Case Number 07-646C (Fed. Cl.), because these cases involve different plaintiffs and different Housing Assistance Payment ("HAP") contracts.

The Court possesses broad discretion to consolidate cases before it. Wolfchild v. United States, 72 Fed. Cl. 511, 526 (2006) (citations omitted). In determining whether to consolidate, the Court weighs the risks of prejudice and possible confusion against "the risk of inconsistent adjudication of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." Boston Edison Co. v. United States, 67 Fed. Cl. 63, 65-66 (2005) (quotations omitted).

Plaintiffs posit that the cases are more similar than they really are. There are important distinctions between these two cases that counsel against consolidation: (1) the plaintiffs are different; (2) the rent adjustment provisions of the HAP contracts are different; and (3) while the private property owners are the same in both cases, privity of contract exists only between the public housing authorities and defendant. See Brown Park Estates-Fairfield Dev. Co. v. United States, 34 Fed. Cl. 464 (1995), aff'd, 127 F.3d 1449 (Fed. Cir. 1997) (holding that the Court lacks jurisdiction to entertain claim of private party that entered into contract with public housing authority in its claim against the Government).

Plaintiffs also urge that the same judge should preside over its cases in order to "not produce inconsistent results." Pl. Mot. at 2. Plaintiffs are mistaken. There are already inconsistent results regarding the application of the Automatic Adjustment Factors, and whether the Government breached the contract by applying a one-percent reduction for non-turnover tenants. Compare Statesman II Apartments, Inc., v. United States, 66 Fed. Cl. 608, 625 (2005) (finding that one-percent adjustment was a further breach of HAP contracts), with Park Properties Assoc., et al., v. United States, 74 Fed. Cl. 264, 274 (2006) (one-percent reduction did

not effectuate further breach of HAP contracts). Accordingly, "consistency" alone should not overcome the differences between these two cases.

For these reasons, we respectfully request that the Court deny plaintiffs' request for consolidation.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Brian M. Simkin
BRIAN M. SIMKIN
KIRK T. MANHARDT
Assistant Directors

s/Armando A. Rodriguez-Feo
ARMANDO A. RODRIGUEZ-FEO
s/Stephen C. Tosini
STEPHEN C. TOSINI
Trial Attorneys
Department of Justice
Civil Division
Commercial Litigation Branch
Attn: Classification Unit, 8th Floor
1100 L St., N.W.
Washington, D.C. 20530
Tel: 202-307-3390
Fax: 202-514-8624

October 1, 2007

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 1st day of October, 2007, a copy of the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO CONSOLIDATE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Armando Rodriguez-Feo